

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00394-CV

_____

NORCO CORPORATION, Appellant

V.

MMG CONTRACTORS, LLC, Appellee

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-301013-18

---

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

After Appellee MMG Contractors, LLC moved for a no-evidence summary judgment on Appellant Norco Corporation's breach of contract claim, Norco responded with a one-page declaration. The trial court sustained MMG's objections to the declaration, granted the motion for summary judgment, and ordered that Norco take nothing. Norco challenges that judgment, arguing that its declaration created a fact issue, that MMG's objections to the declaration should not have been sustained, and that Norco was entitled to the opportunity to cure the objected-to deficiencies.

Because Norco's declaration would not have raised a fact issue even if the objected-to deficiencies had been ignored or cured, we will affirm.

## I. Background

MMG performed work for the City of Saginaw, and according to Norco, a city official asked Norco to allow MMG to park equipment on Norco's property. Norco consented, but Norco contends that MMG went further and dug a hole on its property without permission. After Norco allegedly caught MMG workers pouring liquid into the hole,[1] it suspected that MMG was illegally dumping "toxic waste,"[2] and

---

[1]According to Norco's owner, when he confronted the workers about pouring liquid into the hole, they responded that the city inspector had authorized them to do so.

2

it sued MMG for breach of contract.[3]  In its suit, Norco claimed that it had "made demand on [MMG] to acknowledge its responsibility for the illegal dumping," that MMG had "failed and refused to pay the amount due," and that MMG's "failure to pay the indebtedness when due constitute[d] a breach of contract."

Almost five years later, MMG filed a no-evidence summary judgment motion on Norco's contract claim,[4] claiming that there was no evidence "that [MMG had] breached any contract related to the [p]roperty at issue or that a breach caused [Norco] injury."

Norco responded with a single piece of evidence—a one-page declaration from its owner—which it argued "establishe[d that] the illegal dumping was a breach of the contract and [that] Norco suffered damages as [a] result."  But the declaration made

---

[2]Although Norco's pleadings and appellate briefing refer to MMG's actions as "illegal dumping" of "toxic waste," Norco has not cited a statutory or regulatory provision that it believes MMG's actions violated.

[3]The portion of MMG's petition that pleaded its breach of contract claim bore the heading, "BREACH OF CONTRACT/UNJUST ENRICHMENT," but its petition made no other mention of unjust enrichment or the purported elements of such a claim.  *Cf. Galindo v. Peterson*, No. 02-23-00268-CV, 2024 WL 1792377, at *3 (Tex. App.—Fort Worth Apr. 25, 2024, no pet. h.) (mem. op.) ("This court has repeatedly held that unjust enrichment is not an independent cause of action.").

[4]Although MMG's no-evidence motion stated that it was seeking summary judgment on "all claims asserted against it," Norco's summary judgment response asserted that MMG's motion had addressed "the contract claim only (and not the unjust enrichment claim)."  MMG replied by characterizing the unjust enrichment claim as nonexistent, pointing to the lack of pleadings.

no mention of a contract between Norco and MMG. Rather, Norco's owner declared that:

- a "city official [had] asked if [MMG] could park equipment on [Norco's] property";

- Norco had "agreed";

- "they" (presumably MMG) had dug a hole and, "[w]hen questioned, . . . agreed to fill the hole with topsoil";

- Norco's owner subsequently "caught them dumping a liquid in the hole";

- the owner had "told them to stop" and "[t]hey agreed to remove the substance and fill the hole";

- the liquid "contaminants dumped [we]re currently being analyzed to determine whether they [we]re Class 1 or Class 2 contaminants";

- "MMG [had] often illegally dump[ed] toxic waste" on Norco's property;

- MMG had "failed and refused" to "acknowledge its responsibility for the illegal dumping" or to "pay the amount due"; and

- Norco had "suffered damages for remediation in the amount of at least $1,000,000.00 and devaluation of the property."

MMG objected to the declaration on multiple grounds, including the absence of a "mandatory jurat," *see* Tex. Civ. Prac. & Rem. Code Ann. § 132.001, and the declarant's conclusory statements, recitation of hearsay, and lack of qualifications to opine regarding the cost of remediation.

Norco moved for a continuance to cure the objected-to deficiencies, but the trial court denied the motion. The court then sustained MMG's objections to the declaration, granted the motion, and entered a take-nothing judgment against Norco.

4

## II. Discussion

Norco raises three appellate issues,[5] arguing that the trial court erred by sustaining MMG's objections to the declaration, by denying it the opportunity to cure the objected-to deficiencies in the declaration, and by granting summary judgment when its declaration created a fact issue. We need only address the final assertion, though, because even if MMG's objections had been overruled or the objected-to deficiencies cured, summary judgment would still have been proper. *See* Tex. R. App. P. 47.1 (providing that opinions be "as brief as practicable" while "address[ing] every issue raised and necessary to final disposition").

### A. Standard of Review

When, as here, a defendant files a motion for no-evidence summary judgment and identifies at least one essential element of the plaintiff's claim that lacks evidence, the plaintiff must produce "summary judgment evidence raising a genuine issue of material fact" on the challenged element. *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258–59 (Tex. 2020); *see* Tex. R. Civ. P. 166a(i). If the plaintiff fails to provide evidence that raises a genuine issue of material fact, then the defendant is entitled to summary judgment in its favor. Tex. R. Civ. P. 166a(i); *see Marsillo v.*

---

[5]Norco frames its appeal as presenting two issues: whether the trial court erred by granting summary judgment and whether it erred by failing to allow Norco to cure the alleged deficiencies in its summary judgment evidence. But in arguing that the trial court erred by granting summary judgment, Norco raises a third issue: whether the trial court erred by sustaining MMG's objections to the declaration.

*Dunnick*, 683 S.W.3d 387, 394 (Tex. 2024); *B.C.*, 598 S.W.3d at 258–59; *Berdin v. Allstate Ins. Co.*, No. 02-22-00426-CV, 2023 WL 7037619, at *4 (Tex. App.—Fort Worth Oct. 26, 2023, no pet.) (mem. op.).

We review a trial court's no-evidence summary judgment de novo, examining the entire record in the light most favorable to the plaintiff—here, Norco—to determine whether a fact issue exists on the challenged element of its claim. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023); *Berdin*, 2023 WL 7037619, at *4.

### B.    No Evidence of Breach

Breach was an essential element of Norco's breach of contract claim, *see Berdin*, 2023 WL 7037619, at *6 (listing four elements of breach of contract), and MMG's summary judgment motion challenged this element, alleging that there was no evidence of its having "breached any contract related to the [p]roperty at issue." Once this element was challenged, the burden shifted to Norco to present evidence raising a genuine fact issue regarding MMG's having breached a contract. *B.C.*, 598 S.W.3d at 258–59.

Norco's declaration—the only piece of summary judgment evidence that it offered—did not identify any contract between Norco and MMG, much less did it explain how MMG had breached an agreement between the parties.[6]  And while

---

[6]Although the declaration occasionally employed the word "agreed" (asserting that Norco had "agreed" with the City's request and that MMG workers had "agreed

6

Norco's petition and summary judgment response premised its contract claim on MMG's "illegal dumping" activities and its "failure to pay [its] indebtedness," the declaration did not identify any agreement that prohibited illegal dumping or required MMG to pay money.

Norco apparently sees something in the declaration that we do not. In its brief, Norco makes the conclusory assertion that its declaration "clearly" demonstrates the existence of a breached oral contract. But the declaration demonstrates—clearly or otherwise—no such thing. Notably missing from the declaration are the terms of the alleged contract or the alleged manner in which MMG breached those terms.

Reviewing the plain text of the declaration, we see no reference at all to a breached contract between MMG and Norco. Nor could any reasonable juror. *See Berdin*, 2023 WL 7037619, at *4 (explaining that "[w]e review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions").

Because Norco's declaration did not raise a fact issue regarding MMG's alleged breach of a contract, and because the declaration would not have raised a fact issue even if MMG's objections had been overruled or if the objected-to defects had been cured, the trial court properly granted MMG's motion for no-evidence summary judgment. We overrule Norco's issues.

to fill the hole with topsoil" and had "agreed to remove the substance"), it did so colloquially with no explanation of the terms of any such "agree[ments]."

### III. Conclusion[7]

Having overruled Norco's issues, we affirm the trial court's summary judgment. Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: June 13, 2024

---

[7]Norco references other miscellaneous flaws in the judgment as well, burying such complaints in one-paragraph conclusory attacks throughout its brief. For example, Norco contends that the exhibit attached to MMG's reply "turn[ed] its no-evidence motion into a traditional motion for summary judgment," it states that MMG's motion for summary judgment failed to challenge its alleged unjust enrichment claim, and it asserts that the trial court erred by failing to allow Norco "to supplement its summary judgment evidence." These alleged flaws are not accompanied by any citations to legal authority, nor are they explored with any substantive legal analysis. *Cf.* Tex. R. App. P. 38.1(i) (requiring "a clear and concise argument for the contentions made, with appropriate citations to authorities"). But "[i]t is not our role to brief [Norco's] complaint[s] for [it, for] if we did so, we would be abandoning our role as neutral adjudicators and would become an advocate." *Toldson v. Denton Indep. Sch. Dist.*, No. 02-18-00394-CV, 2019 WL 6205245, at *12–14 (Tex. App.—Fort Worth Nov. 21, 2019, no pet.) (mem. op.) (holding briefing inadequate when appellant failed to list complaint in issues presented, failed to provide relevant record citations, and made conclusory statements without substantive legal analysis). Thus, we reject Norco's miscellaneous, scattered complaints as inadequately briefed.